1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10  JULIEANN E. PETERS,                    )   Civil No. 12cv1322 JAH  (BLM)
                                           )
11              Plaintiff,                  )   **ORDER DENYING PLAINTIFF'S**
    v.                                      )   **MOTION FOR SUMMARY**
12                                          )   **JUDGMENT [DOC. # 13] AND**
    MICHAEL J. ASTRUE, Commissioner        )   **GRANTING DEFENDANT'S**
13  of Social Security,                    )   **CROSS-MOTION FOR SUMMARY**
                                           )   **JUDGMENT [DOC. # 15]**
14              Defendant.                  )
    _____    )

15

16                          **INTRODUCTION**

17          Plaintiff Julieann E. Peters ("plaintiff"), through counsel, filed this action pursuant

18  to § 405(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to

19  obtain judicial review of a "final decision" of the Commissioner of the Social Security

20  Administration ("defendant") denying plaintiff's claim for Disability Insurance Benefits

21  and Supplemental Security Income under the Act. After a thorough review of the pleadings

22  filed by the parties, and the entire record submitted in this matter, and for the reasons set

23  forth below, this Court **DENIES** plaintiff's motion for summary judgment and **GRANTS**

24  defendant's cross-motion for summary judgment.

25  //

26  //

27  //

28  //

12cv1322

**BACKGROUND**

**1.    Factual Background**

Plaintiff was born in 1957 and has a high school diploma.  AR[1] at 74.  Plaintiff's past relevant work experience includes work as a balancing work director/accounts receivable clerk and image proof-machine operator supervisor.  Id.  Plaintiff alleges that she has been disabled since December 10, 2002 due to overuse syndrome and abnormal growths on her wrists.  Id. at 75.

**2.    Procedural Background**

On December 22, 2008, plaintiff filed concurrent applications for Title II disability insurance benefits and Title XVI supplemental security income benefits.  AR at 74.  Plaintiff's claim was denied initially and then again upon reconsideration.  Upon plaintiff's request, a review hearing was held before Eve B. Godfrey, Administrative Law Judge ("the ALJ"), on June 23, 2010, in San Diego, California.  Id. at 30.  The ALJ denied benefits in a written decision dated July 9, 2010.  AR at 74-80.  On April 4, 2012, the Appeals Council denied plaintiff's request for review.  AR at 1-3.

Plaintiff filed the instant complaint before this Court on June 1, 2012.  Defendant filed an answer and lodged the administrative record on August 28, 2012.  Plaintiff filed her motion for summary judgment on October 26, 2012 and defendant filed his opposition and cross motion for summary judgment on November 23, 2012.

**DISCUSSION**

**1.    Legal Standards**

    **a.    Qualification for Disability Benefits**

To qualify for disability benefits under the Social Security Act, an applicant must show that: (1) he suffers from medically determinable impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and (2) the impairment renders the applicant incapable of performing the work that he or she previously performed or any other substantially gainful

---

[1]AR refers to the Administrative Record lodged with this Court.

employment that exists in the national economy.  *See* 42 U.S.C. § 423(d)(1)(A), 2(A).  An applicant must meet both requirements to be "disabled." Id.

The Secretary of the Social Security Administration has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520, 416.920.  Step one determines whether the claimant is engaged in "substantial gainful activity."  If he is, disability benefits are denied.  20 C.F.R. §§ 404.1520(b), 416.920(b).  If he is not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments.

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the impairment is severe, the evaluation proceeds to the third step, which determines whether the impairment is equivalent to one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity.   20 C.F.R. §§ 404.1520(d); 20 C.F.R. Part 404 Appendix 1 to Subpart P.  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.  If a condition "falls short of the [listing] criterion" a multiple factor analysis is appropriate.  Celaya v. Halter, 332 F.3d 1177, 1181 (9th Cir. 2003).  Of such analysis, "the Secretary shall consider the combined effect of all the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity." Id. at 1182 (quoting 42 U.S.C. § 423(d)(2)(B)).

If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he has performed in the past.  If the claimant cannot perform his previous work, the fifth and final step of the process determines whether he is able to perform other work in the national economy considering his age, education, and work experience.  The claimant is entitled to disability benefits only if he is not able to perform other work.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant has the initial burden of demonstrating a *prima facie* case of disability.

Varney v. Secretary of Health & Human Services, 846 F.2d 581, 583 (9th Cir. 1988). The claimant does this by showing that he cannot perform any previous relevant work. Miller v. Heckler, 770 F.2d 845, 850 (9th Cir. 1985).  Once the *prima facie* case of disability has been established, the burden shifts to the Secretary to establish the claimant can perform other work.  Id.  The Secretary can satisfy this burden by either soliciting testimony of a vocational expert ("VE") or by reference to the Medical Vocational Guidelines.  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001).

> **b.**  **Judicial Review of an ALJ's Decision**

Section 405(g) of the Act allows unsuccessful applicants to seek judicial review of a final agency decision of the Commissioner.  42 U.S.C. § 405(g).  The scope of judicial review is limited.  The Commissioner's denial of benefits "will be disturbed only if it is not supported by substantial evidence or is based on legal error." Brawner v. Secretary of Health and Human Servs., 839 F.2d 432, 433 (9th Cir. 1988) (citing Green v. Heckler, 803 F.2d 528, 529 (9th Cir. 1986)).

Substantial evidence means "more than a mere scintilla" but less than a preponderance.  Sandgathe v. Charter, 108 F.3d 978, 980 (9th Cir. 1997)(citation omitted).  "[I]t is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)).  The Court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusions.  Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988)(citing Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985)). If the evidence supports more than one rational interpretation, the Court must uphold the ALJ's decision.  Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) (citing Allen v. Secretary of Health and Human Servs., 726 F.2d 1470, 1473 (9th Cir. 1984).  When the evidence is inconclusive, "questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary." Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

However, even if the reviewing court finds that substantial evidence supports the

ALJ's conclusions, the Court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching a decision. *See* <u>Benitez v. Califano</u>, 573 F.2d 653, 655 (9th Cir. 1978). Section 405(g) permits a court to enter a judgment affirming, modifying, or reversing the Commissioner's decision. 42 U.S.C. § 405(g). The reviewing court may also remand the matter to the Social Security Administrator for further proceedings. <u>Id.</u> "If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." <u>Marcia v. Sullivan</u>, 900 F.2d 172, 176 (9th Cir. 1990) (quoting <u>Lewin v. Schweiker</u>, 654 F.2d 631, 635 (9th Cir. 1981)).

**2.      The ALJ's Decision**

In the present case, the ALJ, using the five-step analysis, first found that plaintiff was not engaged in substantial gainful activity during the relevant time period. AR at 79. The ALJ then found plaintiff had the following severe impairments during the relevant period: status-post carpal tunnel release (bilateral); status-post left shoulder impingement surgery; and right shoulder bursitis/tendonitis, which the ALJ determined were severe impairments under 20 C.F.R. §§ 404.1520(c) and 416.920(c). <u>Id.</u> However, the ALJ also found plaintiff's impairments did not meet or medically equal those listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. <u>Id.</u>

The ALJ further found plaintiff:

> has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except for any pushing and pulling using her upper extremities of less than ten pounds frequently and no more than 10 pounds occasionally; no overhead usage of her arms; no more than occasional usage of her hands for grasping or fine manipulations or skin receptors; no climbing ladders, ropes or scaffolds, work in cold temperatures or which would expose her to vibration; is precluded from work around unprotected heights and moving machinery; nor more than frequent climbing ramps and stairs and frequent balancing, stooping, and kneeling.

AR at 79. The ALJ determined plaintiff was unable to perform any of her past work but, due to plaintiff's residual functional capacity for light level work, found there are jobs existing in the national economy that plaintiff can perform. <u>Id.</u> Based on these findings, the ALJ concluded that, "[c]onsidering the claimant's age, education, work experience, and

residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." AR at 79.  As a result, the ALJ found plaintiff had not been under a "disability" from December 10, 2002 through the date of the decision.  Id. at 80.

**3.     Analysis**

Plaintiff moves for summary judgment on the grounds that (a) the ALJ erred in accepting the testimony of the VE because the VE's testimony was based on an inaccurate residual functional capacity; (b) the ALJ erred in finding plaintiff's subjective symptom complaints not credible; and (c) plaintiff was denied her right to counsel.

**a.     Vocational Expert Testimony**

Plaintiff first contends the ALJ erred in accepting the testimony of the VE because the VE testified plaintiff could perform alternative jobs that required overhead usage of plaintiff's arms even though the ALJ's residual functional capacity, propounded in the hypothetical posed to the VE at the review hearing, required no overhead usage.  Doc. # 13-1 at 3-4.  Plaintiff points out the ALJ specifically included a preclusion from reaching or extending her arms overhead but the jobs the VE identified, furniture rental clerk, recreational aide, and investigator, each require both upper extremities to reach in all directions.  Id. at 4 (citing DOT[2] ## 295.357-018, 344.677-014, 241.367-038).  Because the ALJ accepted the VE's testimony which plaintiff claims clearly conflicts with the DOT, plaintiff contends that reversal is mandated.  Id. at 6 (citing Massachi v. Astrue, 486 F.3d 1149. 1154 (9th Cir. 2007)).

In opposition, defendant contends the ALJ's decision as well as the opinion of the VE are consistent with the DOT.  Doc. # 15-1 at 2.  Defendant explains that the ALJ found plaintiff was restricted from overhead reaching but not restricted from reaching at or below shoulder level.  Id. (citing AR at 59-61, 79.  Defendant points out the ALJ asked the VE whether a person with plaintiff's residual functional capacity, age, education and work history could perform other work, to which the VE testified plaintiff could perform

---

[2] "DOT" stands for the *Dictionary of Occupational Titles.*

certain jobs requiring occasional reaching.  Id. (citing AR at 59-61).  Based on this testimony, defendant contends the ALJ properly found plaintiff could perform light jobs requiring occasional reaching which defendant argues is consistent with the DOT.  Id. at 3 (citing Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)(upholding the ALJ's finding that plaintiff could perform light work even though restricted from overhead reaching); Gallo v. Commissioner of SSA, 449 Fed. Appx. 648, 649-50 (9th Cir. 2011)("We find no prejudicial error in the ALJ's failure to impose an [occasional] overhead reaching limitation that ... would not even have prevented her from doing work more strenuous than the sedentary work contemplated in the RFC."); Kassebaum v. Commissioner of Soc. Sec., 420 Fed Appx. 769, 771 (9th Cir. 2011)(upholding the ALJ's decision that plaintiff could perform work as a kitchen helper or laundry worker even though restricted to occasional overhead reaching)).

This Court agrees with defendant.  Although plaintiff characterizes the VE's testimony as conflicting with the DOT, this Court finds the VE's testimony does not conflict.  Plaintiff does not dispute she is only restricted from overhead reaching and, thus, may occasionally reach below the shoulder level.  Therefore, because the three identified jobs require only occasional reaching, the VE's testimony does not conflict with the DOT. See Burch, 400 F.3d at 679; Gallo, 449 Fed. Appx. at 649-50; Kassebaum, 420 Fed. Appx. at 771.  Accordingly, this Court finds the ALJ did not err.

### b.    Plaintiff's Subjective Symptom Testimony

Plaintiff next contends the ALJ erred in rejecting her subjective symptom testimony without providing legally sufficient reasoning to support the rejection.  Doc. # 13-1 at 11-22.  When evaluating a plaintiff's claim of subjective symptom testimony, the ALJ must engage in a two step analysis: the Cotton test[3] and an analysis of plaintiff's credibility.  Smolen v. Chater, 80 F.3d 1273, 1281-82 (9th Cir. 1996).  The Cotton test requires the ALJ to determine whether plaintiff has produced objective medical evidence

---

[3] The court in Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986), set out a threshold test for evaluating symptom testimony.

of an underlying impairment and whether the symptoms alleged could reasonably be produced by the impairment.  Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991).  If plaintiff meets the Cotton test, and there is no evidence of malingering, the ALJ must offer specific, clear and convincing reasons to reject plaintiff's symptom testimony. *See* Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993).

To meet the standard, the ALJ must specify which testimony is not credible and "what evidence suggests the complaints are not credible." Id.  The ALJ "must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities." Social Security Ruling, No. 96-7p, 1996 WL 374186 *2 (SSA July 2, 1996). When the individual's statements in that regard are not substantiated by objective medical evidence, "the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record," including but not limited to "the medical signs and laboratory findings, the individual's own statements about the symptoms, any statements and other information provided by treating or examining physicians. . . about the symptoms and how they affect the individual, as well as any other "relevant evidence in the case file." Id.

In addition to medical evidence, the adjudicator "must consider" the kinds of evidence identified in 20 C.F.R. §§ 404.1529(c) and 426.929(c), including factors such as the claimant's daily activities, factors that precipitate or aggravate the symptoms, medications taken to relieve pain, treatment other than medication, and "[a]ny other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms." Id.

The ALJ presented six reasons for finding plaintiff's subjective symptom testimony not credible:  (1) no physician has opined plaintiff is disabled; (2) plaintiff reported she has no problems dressing, bathing or personal hygiene; (3) plaintiff settled her workers compensation claim, which conflicts with her complaints of ongoing hand pain; (4) plaintiff testified she is able to drive an automobile and does so for herself and her parents

despite her hand and shoulder problems; (5) plaintiff has not undergone surgery since November 2004 and no surgery has been recommended to date; and (6) there is no evidence of psychiatric hospitalization or emergency room treatment for mental impairment.  AR at 77-78.  Plaintiff contends each of these six reasons fail to sufficiently support the ALJ's rejection of her subjective symptom testimony.  Doc. # 13-1 at 11-22.

In opposition, defendant points out that, even if one or more of the ALJ's reasons are "invalid, the question is whether the ALJ's decision remains legally valid, despite such error, based on the ALJ's 'remaining reasoning and ultimate credibility determination.'" Doc. # 15-1 at 5 (quoting Carmickle v. Comm'r Soc. Sec. Adm., 533 F.3d 1155, 1162 (9th Cir. 2008)).  Defendant explains that, here, the ALJ found plaintiff's subjective symptom testimony inconsistent with her own statements concerning her daily living activities.  Id.  For example, defendant points to plaintiff's testimony concerning her inability to grab, grasp, or hold with her hands such that peeling open a milk carton caused shocks of pain and her claim that she could not do anything at all on a daily basis, thus lying in bed all day.  Id. (citing AR at 43, 45, 215).  Defendant contends the ALJ properly found these statements inconsistent with plaintiff's admission that she drives her parents around and shops for them, as well as her admission to a doctor that she was able to go out on her own and had no difficulty dressing, bathing or hygiene.  Id. (citing AR at 46, 76, 215, 480).

Defendant further explains the ALJ noted there was a lack of objective evidence supporting plaintiff's claimed disabling impairments, including the fact that no treating or examining physician opined plaintiff was disabled.  Id. (citing AR at 77-78).  Defendant contends the ALJ's reasoning concerning the lack of opinion by treating or examining physicians is a proper reason for rejection because the ALJ may properly consider it as one factor in the credibility analysis.  Id. at 6 (citing 20 C.F.R. § 404.1529(c)(1),(2); Burch, 400 F.3d at 681).  In addition, defendant contends the ALJ appropriately considered, in rejecting plaintiff's testimony, the lack of psychiatric hospitalization or emergency room treatment, as well as the fact that no doctor had recommended further surgery for plaintiff.

1  Id. (citing Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999)(minimal or conservative

2  treatment found to be a proper basis for rejecting subjective symptom testimony); Burch,

3  400 F.3d at 681 (lack of consistent treatment considered "powerful evidence" supporting

4  lack of credibility)).  Thus, according to defendant, these reasons cited by the ALJ are

5  specific, clear and convincing reasons supporting the rejection of plaintiff's subjective

6  symptom testimony.  Id.

7      Defendant also argues that plaintiff incorrectly claims the ALJ wrongly found

8  plaintiff did not receive surgery between November 2004 through the date of the decision

9  based on a May 2011 record indicating she underwent exploratory surgery on her left

10  wrist, noting the May 2011 record was submitted to the Appeals Council over 10 months

11  after the ALJ issued the decision.  Id. (citing Doc. # 13-1 at 19; AR at 587).  Defendant

12  contends the May 2011 record should not be considered here because the evidence does

13  not relate to the relevant period at issue in this case and because the surgery was not a

14  major procedure relating to any work limiting impairment.  Id. at 7 (noting the procedure's

15  purpose was to remove an uncomfortable growth and explore the area).  Thus, defendant

16  contends the new evidence does nothing to change the reasonableness of the ALJ's

17  decision.

18      This Court finds the ALJ presented specific, clear and convincing reasons for

19  rejecting plaintiff's subjective symptom testimony.  This Court agrees with defendant that

20  the ALJ's reasoning concerning the lack of objective evidence supporting a disability

21  finding is properly considered as one factor in determining whether to reject a plaintiff's

22  testimony.  This Court, upon a careful review of the record, further agrees with defendant

23  that plaintiff's testimony concerning her daily activities conflicted with plaintiff's own

24  statements.  In addition, this Court finds the ALJ's reasoning regarding the lack of

25  psychiatric treatment, emergency room treatment or further surgery is a specific, clear and

26  convincing reason for rejecting plaintiff's testimony.  This Court further finds the new

27  evidence plaintiff seeks to be considered is not relevant here.  Therefore, this Court finds

28  the ALJ did not err in rejecting plaintiff's testimony.

12cv1322

**c.      Right to Counsel**

Finally, plaintiff contends she was denied the right to representation at the review hearing which resulted in a failure to fully and fairly develop the record. Doc. # 13-1 at 23.  Plaintiff argues that the ALJ erred by failing to secure a knowing waiver of representation. Id. at 24.  Plaintiff asserts this error is supported by the ALJ's legal errors addressed herein.  Id. at 26.  Defendant, in opposition, points out that plaintiff was informed numerous times about her right to representation, repeatedly stated that she wished to proceed without an attorney and acknowledged she had received notice advising her of her entitlement to representation by an attorney, free of charge if she qualified. Doc. # 15-1 at 7 (citing AR at 29, 90, 99, 100-105, 116, 119, 121, 126, 145).  This Court's review of the record reflects plaintiff was informed of her right to representation and waived that right.  This Court finds no support in the record that the ALJ erred in this regard or, as defendant points out, support for a finding that plaintiff was prejudiced by her lack of representation. *See* Doc. # 15-1 at 8 (citing Key v. Heckler, 754, 1545, 1551 (9th Cir. 1985)("[l]ack of counsel does not affect the validity of the hearing unless the plaintiff can demonstrate prejudice or unfairness in the administrative proceedings.")). Therefore, this Court finds the ALJ did not err in this regard.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion for summary judgment [doc. # 13] is **DENIED**;

2.      Defendant's cross-motion for summary judgment [doc. # 15] is **GRANTED**; and

3.      The ALJ's decision in this matter is affirmed.

DATED:  September 12, 2013

JOHN A. HOUSTON
United States District Judge

12cv1322